IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**ERNEST HOWARD BRADLEY,** )
    Petitioner, ) **Civil Action No. 11-201 Erie**
)
v. ) **District Judge Sean J. McLaughlin**
) **Magistrate Judge Susan Paradise Baxter**
**BEAVER COUNTY COURT OF** )
**COMMON PLEAS, et al.,** )
    Respondents. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

Presently before the Court is the petition for a writ of habeas corpus filed by state prisoner Ernest Howard Bradley. [ECF No. 4]. He is challenging his detention, which is the result of a judgment of sentence imposed upon him by the Court of Common Pleas of Beaver County on February 12, 2003. The petition is at least the second one that he has filed with this Court in which he challenges his detention pursuant to that judgment of sentence. Because he has not received from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider this successive petition, as required by 28 U.S.C. § 2244(b)(3)(A), it is recommended that the petition be dismissed for lack of jurisdiction and that a certificate of appealability be denied.

**II.    REPORT**

    **A.    Relevant Background**

On December 10, 2002, a jury empaneled by the Court of Common Pleas of Beaver County found Bradley guilty of various drug-related crimes at Criminal Case Nos. 1624 and 1634 of 2002. [ECF No. 15-3 at 3]. The court entered it judgment of sentence on February 12, 2003. At Criminal

1

Case No. 1624 of 2002, the court imposed a 3-10 year term of imprisonment, and at Criminal Case No. 1634 of 2002, it imposed a concurrent term of 1-10 years of imprisonment.

The Superior Court of Pennsylvania affirmed Bradley's judgment of sentence [ECF No. 15-4 at 1-7, Commonwealth v. Bradley, No. 1323 WDA 2003, slip op. (Pa.Super. April 19, 2004)], and the Supreme Court of Pennsylvania denied his subsequent petition for allowance of appeal [ECF No. 15-4 at 8].

In July of 2007, Bradley filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged his February 12, 2003, judgment of sentence. That petition was docketed as Bradley v. Commonwealth, et al., 2:07-cv-949 (W.D. Pa.). On July 10, 2007, the Honorable Donetta W. Ambrose issued an Order dismissing the petition as untimely under the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and denying a certificate of appealability. The Third Circuit Court denied Bradley's subsequent request for a certificate of appealability. See Jan. 10, 2008, *Order* in Bradley v. Commonwealth, et al., Court of Appeals Docket No. 07-4250 (3d Cir.).

In October of 2011, Bradley filed the instant petition for a writ of habeas corpus with this Court.[1] He claims he was "seized" on December 10, 2002 (the date the jury announced its verdict in his criminal case), and that on February 12, 2003 (the date he was sentenced) he was unlawfully "carried away" and

---

[1] Bradley has named as respondents in this action the Beaver County Court of Common Pleas, the Commonwealth of Pennsylvania, the Erie County Court of Common Pleas, the Erie County Executive and Council, the Department of Corrections, the Erie County Regional Contract Jail Albion, and the Pennsylvania Board of Probation and Parole. The Erie County Respondents were served with the petition but did not file an Answer. They are not proper respondents in this action, however, and neither are any of the other respondents named by Bradley. In a habeas case such as this, the proper respondent is the individual who has custody over the petitioner. See 28 U.S.C. § 2242 (the proper respondent to a habeas petition is "the person who has custody over [the petitioner]."); id. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). See also Rule 2(a) of the Rules Governing Section 2254 Cases In the United States District Court; LCvR 2254.B.1; Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). In this case, that person is Michael Harlow, the Superintendent of SCI Albion, but Bradley did not name him as a respondent. It is not necessary to provide Bradley with the opportunity to add Harlow as the respondent because it would be futile, as this case must be dismissed for lack of jurisdiction.

2

placed in the custody of the Pennsylvania Department of Corrections. [ECF No. 4 at 3-4]. As relief, he seeks the issuance of a "writ of habeas corpus [to] release [him] from unlawful detention[.]" [Id. at 8].[2]

**B.     Discussion**

Because Bradley is in custody pursuant to the judgment of a state court, his habeas petition must be construed as having been filed pursuant to 28 U.S.C. § 2254. As explained in a leading habeas treatise:

> Habeas is the "exclusive remedy" for the prisoner who seeks "immediate or speedier release" from confinement. Skinner v. Switzer, 131 S. Ct. 1289, 1293, 179 L. Ed. 2d 233 (2011); see also Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005).
>
> Two statutes provide jurisdiction for state prisoners challenging the lawfulness of their confinement.
>
> The first is 28 U.S.C.A. § 2241. That statute provides, in part, that "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. … The writ of habeas corpus shall not extend to a prisoner unless … [h]e is in custody in violation of the Constitution or laws or treaties of the United States …." 28 U.S.C.A. § 2241(a), (c)(3).
>
> The second is 28 U.S.C.A. § 2254(a): "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."
>
> The question of whether a petitioner can proceed under § 2241, as opposed to § 2254, is a significant one. Section 2241 does not include the one-year limitations period of § 2244(d)(1); the extremely deferential review standards of § 2254(d)(1), (2); or the limitation on successive petitions in § 2244(b)(2). A petitioner proceeding under § 2241, therefore, does not need to overcome these procedural hurdles…

---

[2] Bradley also sought an order from this Court directing that he receive money damages pursuant to 42 U.S.C. § 1983. Money damages are not available in a habeas corpus action. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) (explaining that "if a state prisoner is seeking damages, he is attacking something other than immediate or more speedy release – the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); Marine v. Quintana, 347 F.App'x 736 (3d Cir. 2009) (affirming that money damages are not available in a habeas action). The Court advised Bradley that he must file a separate civil rights action in the event he wishes to seek monetary relief. [See ECF Nos. 11].

3

> The vast majority of courts have concluded that, although the texts of § 2241 and § 2254 appear similar in their grant of jurisdiction, § 2254 is the exclusive avenue for a state prisoner challenging the constitutionality of his detention. Section 2254 is properly understood as in effect implementing the general grant of habeas corpus authority found in § 2241, even if the petitioner is not challenging the underlying state court conviction (e.g., challenges to parole determinations), so long as the person is in custody pursuant to the *judgment* of a state court…. If, however, the petitioner is in custody pursuant to something *other than a judgment* of a state court (e.g., pre-trial detention, pre-trial bond order, awaiting extradition, or other forms of custody that are possible without a conviction), he made proceed under 28 U.S.C. § 2241.

Brian R. Means, FEDERAL HABEAS MANUAL § 1:34 (June 2012) (emphasis in original), citing, *inter alia*, Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001) ("It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one…. In the instant action, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody…. applying the 'specific governs the general' canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence."); and, Felker v. Turpin, 518 U.S. 651 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'").

AEDPA mandates that before a petitioner may file a second or successive habeas corpus petition under 28 U.S.C. § 2254 challenging the same judgment of sentence that he previously challenged in federal habeas, he must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). See, e.g., Magwood v. Patterson, — U.S. —, 130 S.Ct. 2788 (2010). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the

4

courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. See, e.g., Burton v. Stewart, 549 U.S. 147 (2007).

A review of the computerized dockets of the Third Circuit Court establishes that Bradley has not received from it permission to file a second or successive petition. Therefore, the Court must dismiss the instant petition for a writ of habeas corpus for lack of jurisdiction. Id. at 152-54.

### C.     Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a second or successive petition. Accordingly, a certificate of appealability should be denied.

## III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 2, 2012

cc: Sean J. McLaughlin
 United States District Judge